24CA1397 Nelsen v ICAO 10-24-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1397
Industrial Claim Appeals Office of the State of Colorado
DD No. 17089-2024

Cody Nelsen,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Brighton School District 27 J,

Respondents.

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Brown and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

Cody Nelsen, Pro Se

No Appearance for Respondents

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    In this unemployment benefits case, claimant, Cody Nelsen, seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer's dismissal of Nelsen's appeal of the deputy's decision because the appeal was filed more than 180 days late. We affirm the Panel's order.

## I.    Background

¶ 2    On November 29, 2023, a deputy for the Division of Unemployment Insurance determined that Nelsen was ineligible to receive unemployment benefits because he was currently still working for that employer (Brighton School District) on an irregular basis and had agreed to work as needed.

¶ 3    On June 21, 2024, Nelsen appealed the deputy's determination stating that he disagreed with the deputy's decision because he worked for that employer on a six-week contract and was not on call for other work with that employer. He also indicated that he filed the appeal late because he did not know how to file an appeal and found other work before the unemployment affected him.

¶ 4    On June 24, 2024, a hearing officer for the Division dismissed the appeal. The notice of dismissal explained that because the

appeal was received more than 180 days late, Department of Labor & Employment Regulation 12.1.3.2, 7 Code Colo. Regs. 1101-2, required that it be dismissed without a hearing.

¶ 5     Nelsen timely appealed the hearing officer's decision to the Panel. To determine whether Nelsen was denied due process, the Panel asked him whether he had received the November 28, 2023, decision by the deputy, and, if so, why he did not appeal before the December 19, 2023, deadline. In response, Nelsen stated that he was "notified" of the deputy's decision on November 29, 2023, but that he did not appeal the decision before the deadline because he "did not see" the notice until June 2024 and did not know how to appeal it until he went in person to the Department of Labor.

¶ 6     Accepting Nelsen's assertions as true, the Panel inferred that Nelsen had timely received the deputy's decision, but that he failed to timely appeal that decision because he either (1) did not completely read or misread the decision which informed him that the decision would become final if no appeal was filed within twenty days from the mailing of the decision; or (2) chose not to appeal for personal reasons. Noting that Nelsen filed his appeal of the deputy's decision more than 180 days late, the Panel concluded

that the hearing officer correctly applied Regulation 12.1.3.2, which requires dismissal of appeals that are filed more than 180 days late, and affirmed the hearing officer's dismissal of Nelsen's appeal from the deputy's determination.

## II. Discussion

¶ 7 On appeal, Nelsen explains that he was not a full-time employee for the school district, but rather, was a seasonal employee on a six-week contract. However, Nelsen does not otherwise address the Panel's order affirming the hearing officer's decision dismissing his appeal because he filed it more than 180 days late.

¶ 8 We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6)(a)-(d), C.R.S. 2024.

¶ 9 An appeal of a deputy's decision must be submitted within twenty calendar days after the date of notification of such decision. § 8-74-106(1)(a), C.R.S. 2024. Generally, a hearing officer may accept a late appeal for good cause shown and in accordance with

rules adopted by the director of the Division. § 8-74-106(1)(b). However, if an appeal is more than 180 days late, "good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final." Dep't of Lab. & Emp. Reg. 12.1.3.2., 7 Code Colo. Regs. 1101-2.

¶ 10    Nelsen's appeal, which was due on or before December 19, 2023, was filed on June 21, 2024, 185 days late. We agree with the Panel that because Nelsen appealed the deputy's decision more than 180 days after it was issued, Regulation 12.1.3.2 required the hearing officer to dismiss the appeal. *See Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25 (when a regulation's language is clear and unambiguous, it must be applied as written); *Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17 (a reviewing court is bound by the hearing officer's and the Panel's findings of fact that are supported by substantial evidence in the record).

### III.    Disposition

¶ 11    We affirm the Panel's order.

JUDGE BROWN and JUDGE HAWTHORNE concur.

4